Leslie A. Cohen, Esq. (SBN: 93698)
   leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
   jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>National Association of Television Program Executives, Inc.<br><br>　　　　　Debtor and<br>　　　　　Debtor in Possession | Case No. 1:22-bk-11181-MB<br><br>Chapter 11<br><br>**MOTION FOR CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN**<br><br>**Confirmation Hearing**:<br>Date: March 10, 2023<br>Time: 1:30 p.m.<br>Via Zoomgov<br><br>Video/audio web address:<br>https://cacb.zoomgov.com/j/1608547334<br>ZoomGov meeting number: 160 854 7334<br>Password: 497288 Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666 |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. THE PLAN COMPLIES WITH ALL OF THE APPLICABLE PROVISIONS OF BANKRUPTCY CODE § 1129(A) AND (D) ................................... 1

    A. The Plan Complies with Bankruptcy code § 1129(a)(1) ......... 1

        1. *The Plan Properly Classifies Claims and Interests – Bankruptcy Code § 1122* ......................................................... 1

        2. *The Plan Includes Mandatory and Permissive Provisions Consistent with Bankruptcy Code § 1123* ........................... 2

        3. *The Plan Contains Permissive Provisions Consistent with Bankruptcy Code § 1123(b)* ............................................ 4

    B. The Proponent Has Complied with the Applicable Provisions of Bankruptcy Code § 1129(a)(2) ........................ 5

    C. The Plan is Proposed in Good Faith - Bankruptcy Code § 1129(a)(3) .................................................................... 6

    D. Any and All Compensation of Professionals Will Be Made Pursuant to Court Supervision as Required by Bankruptcy Code § 1129(a)(4) ..... 7

    E. The Post-Confirmation Management Was Fully Disclosed and Is in the Best Interest of the Estate as Required by Bankruptcy Code § 1129(a)(5) ........................................ 7

    F. The Plan Does Not Require Approval of Any Regulatory Commission – Bankruptcy Code § 1129(a)(6) ........................................... 8

    G. The Plan Meets the "Best Interest of Creditors" Test - Bankruptcy Code § 1129(a)(7) ........................................................ 8

    H. Acceptance of the Plan - Bankruptcy Code § 1129(a)(8) ...... 9

    I. Administrative Expenses and Priority Claimants Are Treated Appropriately Under the Plan - Bankruptcy Code § 1129(a)(9) ..... 9

    J. The Plan Has Been Accepted by at Least One Impaired Class - Bankruptcy Code § 1129(a)(10) .................................. 10

    K. The Plan Is Feasible - Bankruptcy Code § 1129(a)(11) ...... 10

    L. All Bankruptcy Fees Will Have Been Paid by Confirmation - Bankruptcy Code § 1129(a)(12) ........................................ 11

M. The Debtor Have No Retirement Benefits - Bankruptcy Code § 1129(a)(13) ........................................................................................ 11

N. The Requirements of Bankruptcy Code § 1191(b) .... 11

O. The Principal Purpose of the Plan is Not Avoidance of Tax or Securities Act Obligations—Bankruptcy Code § 1129(d). .... 11

III. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**

*Andrew v. Coopersmith*
*(In re Downtown Inv. Club III)*,
89 B.R. 59, 65 (9th Cir. B.A.P. 1988) ............................................................................. 5

*Idaho Dep't of Lands v. Arnold (In re Arnold)*,
806 F.2d 937, 940 (9th Cir. 1986) ............................................................................. 9, 10

*In re Butler*,
42 B.R. 777, 782 (Bankr. E.D. Ark. 1984) ..................................................................... 5

*In re Club Assocs.*,
107 B.R. 385, 400 (Bankr. N.D. Ga. 1989) ................................................................... 11

*In re Crowthers McCall Pattern, Inc.*,
120 B.R. 279, 297 (Bankr. S.D.N.Y. 1990) ..................................................................... 8

*In re Economy Cast Stone Co.*,
16 B.R. 647, 652 (Bankr. E.D. Va. 1981) ...................................................................... 12

*In re Guilford Telecasters, Inc.*,
128 B.R. 622, 628 (Bankr. M.D. N.C. 1991) ................................................................. 11

*In re Hoff*,
54 B.R. 746, 750-51 (Bankr. D.N.D. 1985) ..................................................................... 5

*In re Jartran, Inc.*,
44 B.R. 331, 383 (Bankr. N.D. Ill. 1984) ....................................................................... 12

*In re Mason & Dixon Lines, Inc.*,
63 B.R. at 176, 183 (Bankr. M.D.N.C. 1986) .................................................................. 8

*In re Pine Lake Village Apartment Co.*,
19 B.R. 819, 831 (Bankr. S.D.N.Y. 1982) ..................................................................... 12

*In re Texaco, Inc.*,
84 B.R. 893, 906-07 (Bankr. S.D.N.Y 1988) ................................................................... 5

*In re Toy & Sports Warehouse, Inc.*,
37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984) ....................................................................... 1

*In re U.S. Truck Co., Inc.*,
47 B.R. 932, 940 (E.D. Mich. 1985) .............................................................................. 12

*In re Victory Constr. Co., Inc.*,
42 B.R. 145, 151 (Bankr. C.D. Cal. 1984) ....................................................................... 8

*Jasik v. Conrad (In re Jasik)*,
727 F.2d 1379, 1383 (5th Cir. 1984) ............................................................................... 6

*Kane v. Johns-Manville Corp.*,
843 F.2d 636, 648-49 (2d Cir. 1988) ........................................................................... 1, 6

*New York Life Ins. Co. v. Chase Manhattan Bank, N.A. (In re Texaco Inc.)*,
85 B.R. 934, 939 (Bankr. S.D.N.Y. 1988) ....................................................................... 7

*Ryan v. Louis (In re Corey)*,
892 F.2d 829, 835 (9th Cir. 1989) ................................................................................... 6

*Stolrow v. Stolrow's, Inc. (In re Stolrow's Inc.)*,
84 B.R. 167, 172 (B.A.P. 9th Cir. 1988) .......................................................................... 6

*Travelers Ins. Co. v. Pikes Peak Water Co. (In re Pikes Peak Water Co.)*,
779 F.2d 1456, 1460 (10th Cir. 1985) ............................................................................. 8

**STATUTES**

11 U.S.C. § 101 .................................................................................................................. 1, 10
11 U.S.C. § 365 ........................................................................................................................ 9
11 U.S.C. § 502 ...................................................................................................................... 11
11 U.S.C. § 507(a) ................................................................................................................... 3
11 U.S.C. § 1114 …................................................................................................................ 13
11 U.S.C. § 1122 ..............................................................................................................passim
11 U.S.C. § 1123 ..............................................................................................................passim
11 U.S.C. § 1125 …............................................................................................................. 6,7
11 U.S.C. § 1126(a), (c) ......................................................................................................... 12
11 U.S.C. § 1129(a), (d) ………............................................................................................passim

**OTHER AUTHORITIES**

5 *Collier on Bankruptcy*
¶ 1129.03, at 1129-50 (15th ed. rev'd) ..................................................................................... 7
7 Collier on Bankruptcy,
1129.03[1] (15th ed. rev.) ...................................................................................................1, 5
H.R. Rep. No. 95-595,
95th Cong., 1st Sess. 412 (1977) ......................................................................................... 1, 5
S. Rep. No. 95-989,
9th Cong., 2d Sess. 126 (1978) ........................................................................................... 1, 5

**RULES**

Bankruptcy Rule 3020(b)(2) ................................................................................................... 6

# I. INTRODUCTION

National Association of Television Program Executives, Inc., debtor and debtor in possession in the above-captioned case ("**Debtor**"), hereby moves (the "Motion") the Court for an order confirming its Chapter 11 Plan (the "**Plan**") [Docket No. 61].

As demonstrated herein, the Plan complies with the applicable provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") and the applicable Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as necessary for this Court to confirm the Plan pursuant to Bankruptcy Code § 1129.

## II. THE PLAN COMPLIES WITH ALL OF THE APPLICABLE PROVISIONS OF BANKRUPTCY CODE § 1129(A) AND (D)

### A. The Plan Complies with Bankruptcy code § 1129(a)(1)

Bankruptcy Code § 1129(a) provides that a court may confirm a plan only if all requirements of section 1129 are met, including that "[t]he plan complies with the applicable provisions of this title." 11 U.S.C. § 1129(a)(1). The legislative history of section 1129(a)(1) explains that this provision incorporates the requirements of Bankruptcy Code sections 1122 and 1123, which govern classifications of claims and interests and the contents of a plan of reorganization. H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 95-989, 9th Cong., 2d Sess. 126 (1978). See Kane v. Johns-Manville Corp., 843 F.2d 636, 648-49 (2d Cir. 1988); In re Toy & Sports Warehouse, Inc., 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984); 7 Collier on Bankruptcy, 1129.03[1] (15th ed. rev.). The Plan satisfies these requirements.

#### 1. *The Plan Properly Classifies Claims and Interests – Bankruptcy Code § 1122*

Bankruptcy Code § 1122(a) requires that a plan "place a claim or an interest in a particular class only if such claim or interest is substantially similar to other claims or interests of such class." The Plan contains one (1) class of priority unsecured claims, and one (1) class of unsecured claims. As discussed below, the Debtor submits that the Plan's classification of Claims and Interests is appropriate under the Bankruptcy Code.

a. Administrative expense of the Debtor under the Plan shall be paid upon the Effective Date (or upon order authorizing payment in the case of professionals), including any court fees.

b. There are no priority tax claims.

c. Class 1 consists of unimpaired priority unsecured claims. Each of the Priority Unsecured Claims is substantially similar to one another for classification purposes

d. Class 2 is designated for secured claims, however there are no secured claims in this case.

e. Class 3 consists of the impaired, timely-filed General Unsecured Claims. Each of the General Unsecured Claims is substantially similar to one another for classification purposes.

f. Class 4 is designated for equity interests. The Debtor is a non-profit and there are no equity interest holders.

2. ***The Plan Includes Mandatory and Permissive Provisions Consistent with Bankruptcy Code § 1123***

Bankruptcy Code section 1123(a) sets forth certain provisions that a debtor's plan must contain, as follows:

a. Paragraph (1) of section 1123(a) requires that a plan designate classes of claims other than claims of a priority specified in paragraphs 2, 3, and 8 of section 507(a) of the Bankruptcy Code. Articles 2 & 4 of the Plan satisfy this requirement by designating all Classes of Claims other than the specified claims, which are identified in the Plan as Administrative Claims and Priority Tax Claims in Article 3.

b. Paragraph (2) of section 1123(a) requires that a plan specify those classes of claims or interests that are not impaired. Class 1 is unimpaired under the Plan, as indicated in Article 4.

c. Paragraph (3) of section 1123(a) requires that a plan specify the treatment of any class of claims or interests that is impaired under the

2

plan. Article 2 and 4 of the Plan specifies the treatment of Class 3 which is impaired under the Plan.

d. Paragraph (4) of section 1123(a) requires that a plan provide the same treatment for each claim or interest of a particular class, unless the holder agrees to a less favorable treatment of such particular claim or interest.  As shown by Articles 2-4, the Plan provides for the same treatment of claims and interests within each Class.

e. Paragraph (5) of section 1123(a) requires that a plan provide adequate means for its implementation. Article 7 describes the means for the Plan's implementation. Among other things, the Plan contains a full analysis of the Debtor's claims, how they will be addressed going forward and the means for effectuating payment. The Plan further provides information on the post-confirmation management by the Debtor and establishes the Debtor as the Disbursing Agent for distributions under the Plan.

f. Paragraph (6) of section 1123(a) requires that a plan provide for the inclusion in the charter of a corporate debtor a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes. If required, the order confirming the Plan will contain such a provisions and the Reorganized Debtor's charter will be amended to so state.

g. Paragraph (7) of section 1123(a) requires that a plan contain only provisions that are consistent with the interests of creditors, equity security holders and public policy with respect to the manner of selection of any officer, director or trustee under the plan and any successor thereto. The Debtor asserts that the Plan fulfills this

requirement. The Reorganized Debtor shall serve as the Disbursing Agent.

    h. Paragraph (8) of section 1123(a) applies to cases involving individuals and, therefore, is not applicable to this Case.

3. ***The Plan Contains Permissive Provisions Consistent with Bankruptcy Code § 1123(b)***

Bankruptcy Code section 1123(b) specifies certain permissive provisions that may appear in a plan:

    a. Paragraph (1) of section 1123(b) provides that a plan may impair or leave unimpaired any class of claims, whether secured or unsecured. Articles 2-4 of the Plan specify the treatment of each Class under the Plan.

    b. Paragraph (2) of section 1123(b) specifies that, subject to Bankruptcy Code § 365, a plan may provide for the assumption, rejection or assignment of any executory contract or unexpired lease not previously rejected. Article 6 of the Plan contains such provisions.

    c. Paragraph (3) of section 1123(b) specifies that a plan may provide for "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate" or "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest." Article 5 of the plan contains such a provision.

    d. Paragraph (4) of section 1123(b) specifies that a plan may provide for the sale of all or substantially all of the property of the estates, and the distribution of the proceeds of such sale among holders of claims or interests. This provision is not applicable to this Plan.

    e. Paragraph (5) of section 1123(b) allows a plan to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of

4

        holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." Articles 2 and 4 of the Plan contains provisions which permissibly modify the rights of holders of unsecured claims.

    f.    Paragraph (6) of section 1123(b) specifies that a plan may include any other provisions not inconsistent with the applicable provisions of the Bankruptcy Code. The Plan contains such provisions which are standard in chapter 11 plans. The Plan contains various definitions consistent with the purposes of the Bankruptcy Code.

Based upon the foregoing, the Debtor respectfully submits that the Plan complies with the provisions of Bankruptcy Code sections 1122 and 1123 and, therefore, complies with Bankruptcy Code §1129(a)(1).

**B.    The Proponent Has Complied with the Applicable Provisions of Bankruptcy Code § 1129(a)(2)**

Section 1129(a)(2) of the Bankruptcy Code provides that a court may confirm a plan only if "[t]he proponent of the plan complies with the applicable provisions of this title." The principal purpose of this subsection is to assure that the plan proponent has complied with the requirements of section 1125 of the Bankruptcy Code in the solicitation of acceptances to the plan. *In re* Texaco, Inc., 84 B.R. 893, 906-07 (Bankr. S.D.N.Y 1988); In re Hoff, 54 B.R. 746, 750-51 (Bankr. D.N.D. 1985); *In re* Butler, 42 B.R. 777, 782 (Bankr. E.D. Ark. 1984); see also, H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 95-989, 95th Cong. 2d Sess. 126 (1978); 7 Collier on Bankruptcy, 1129.03[2] (15th ed. rev.); Andrew v. Coopersmith (*In re* Downtown Inv. Club III), 89 B.R. 59, 65 (9th Cir. B.A.P. 1988). Bankruptcy Code section 1125(b) provides, in relevant part, that:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at that time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and hearing, by the court as containing adequate information

5

11 U.S.C. § 1125(b).

At the recent status hearing, the Court set forth solicitation, notice and voting procedures with respect to the solicitation of acceptances of the Plan (the "**Solicitation Procedures**"). Pursuant to the Solicitation Procedures, the Debtor is serving a copy of the Plan, together with a Notice and the Ballot (the "**Solicitation Package**"), on all creditors and interest holders of claims, and the U.S. Trustee contemporaneously with the filing of this Motion. No solicitation of acceptances of the Plan occurred before the Debtor mailed these documents. Therefore, any and all solicitations by the Debtor of acceptances of the Plan are in accordance with the provisions of Bankruptcy Code section 1125.

**C.    The Plan is Proposed in Good Faith - Bankruptcy Code § 1129(a)(3)**

Bankruptcy Code section 1129(a)(3) requires that a plan be proposed "in good faith and not by any means forbidden by law." Bankruptcy Rule 3020(b)(2) provides that the Court need not require evidence that a plan has been proposed in good faith if no objection has been filed challenging the proponent's good faith.

The good faith standard requires that there be a reasonable likelihood that a plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code. Ryan v. Louis (*In re* Corey), 892 F.2d 829, 835 (9th Cir. 1989); Stolrow v. Stolrow's, Inc. (*In re* Stolrow's Inc.), 84 B.R. 167, 172 (B.A.P. 9th Cir. 1988). The good faith standard requires a showing that the plan was proposed with "honesty and good intentions." Kane v. Johns-Manville Corp., 843 F.2d 636, 649 (2d Cir. 1988). A chapter 11 plan is filed in good faith if the plan proponent has exhibited "a fundamental fairness in dealing with one's creditors." Stolrow's, 84 B.R. at 172. Good faith is viewed under the totality of the circumstances. Jasik v. Conrad (*In re* Jasik), 727 F.2d 1379, 1383 (5th Cir. 1984).

In this case, the circumstances show that the Debtor has proposed the Plan in good faith. The Debtor worked diligently to negotiate the sale of substantially all of its assets in order to maximize the total possible return creditors, exceeding the dividends available to unsecured creditors in a chapter 7 liquidation. The Plan deals fairly with all

6

creditors. All negotiations regarding the provisions of the Plan and the treatment of holders of Claims and Interests were at arms' length and the Plan provisions reflect the result of those negotiations.

Thus, the Debtor has exhibited the "fundamental fairness in dealing with creditors" required by section 1129(a)(3) of the Bankruptcy Code, while arms' length negotiations among the parties have ensured that the Plan "will achieve a result consistent with the objectives and purposes of the Code." Accordingly, the requirements of §1129(a)(3) of the Bankruptcy Code have been satisfied.

### D.    Any and All Compensation of Professionals Will Be Made Pursuant to Court Supervision as Required by Bankruptcy Code § 1129(a)(4)

Bankruptcy Code section 1129(a)(4) provides that the Court shall confirm a plan only if "[a]ny payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable." Section 1129(a)(4) mandates full disclosure of all payments or promises of payment for services, costs, and expenses in connection with the case and subjects the reasonableness of such payments to the scrutiny and approval of the court. *Collier on Bankruptcy*, 1129.03[4] (15th ed. rev.); New York Life Ins. Co. v. Chase Manhattan Bank, N.A. (*In re* Texaco Inc.), 85 B.R. 934, 939 (Bankr. S.D. N.Y. 1988).

The Debtor's professionals have been employed with Court approval and all fees paid or to be paid have been and will be subject to a Court approved fee application for services rendered through confirmation of this case. Accordingly, the Plan complies with the requirements of Bankruptcy Code §1129(a)(4).

### E.    The Post-Confirmation Management Was Fully Disclosed and Is in the Best Interest of the Estate as Required by Bankruptcy Code § 1129(a)(5)

Bankruptcy Code section 1129(a)(5)(A)(i) provides that a court may confirm a plan only if the plan proponent discloses "the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of

7

Case 1:22-bk-11181-MB    Doc 73    Filed 02/01/23    Entered 02/01/23 10:54:44    Desc
Main Document    Page 13 of 19

the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan." Bankruptcy Code section 1129(a)(5)(A)(ii) requires that the appointment to or continuance in such office of such party be "consistent with the interests of creditors and equity security holders and with public policy." Similarly, Bankruptcy Code section 1129(a)(5)(B) requires that a plan disclose the identity of any "insider" to be employed or retained by the reorganized debtor and the "nature of any compensation" for such insider.

Article 7 of the Plan discusses the future management of the Reorganized Debtor, and contains the disbursing agent provisions. Thus, the Debtor respectfully submits the Plan complies with the requirements of Bankruptcy Code section 1129(a)(5).

**F.   The Plan Does Not Require Approval of Any Regulatory Commission – Bankruptcy Code § 1129(a)(6)**

Bankruptcy Code section 1129(a)(6) requires that, after confirmation of a plan, any governmental regulatory commission with jurisdiction "over the rates of the debtor has approved any rate change provided for in the plan." This section is inapplicable because no regulatory commission consents are necessary.

**G.   The Plan Meets the "Best Interest of Creditors" Test - Bankruptcy Code § 1129(a)(7)**

Bankruptcy Code section 1129(a)(7) provides that a court may confirm a plan only if the plan meets the "best interest of creditors" test. Under the "best interest of creditors" test, each holder of a claim or interest in an impaired class must either accept the plan or receive or retain property of a value, as of the effective date of the plan, that is not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. See Travelers Ins. Co. v. Pikes Peak Water Co. (*In re* Pikes Peak Water Co.), 779 F.2d 1456, 1460 (10th Cir. 1985); *In re* Crowthers McCall Pattern, Inc., 120 B.R. 279, 297 (Bankr. S.D.N.Y. 1990); *In re* Mason & Dixon Lines, Inc., 63 B.R. at 176, 183 (Bankr. M.D.N.C. 1986); *In re* Victory Constr. Co., Inc., 42 B.R. 145, 151 (Bankr. C.D. Cal. 1984).

The best interest of creditors test is met in this Case for the following reasons. First, much of the Plan is the result of negotiations with creditors afforded by the "breathing space" of chapter 11; this ability would have been lost if the case was had at any point converted to chapter 7. Second, chapter 7 would be more time consuming and costly. Debtor submits that a creditor of the Debtor would recover less from the liquidation of the Debtor's Assets under chapter 7 than under Chapter 11 because of the additional cost of the Trustee and its professionals, and that distributions would necessarily be delayed by virtue of compliance with the chapter 7 process and time delays attendant to approval of a chapter 7 trustee's report and account.

Confirmation of the Plan, therefore, will result in a greater distribution to creditors than liquidation under chapter 7. Based on the foregoing, the Plan complies with the best interest of creditors test set forth in Bankruptcy Code section 1129(a)(7).

**H.     Acceptance of the Plan - Bankruptcy Code § 1129(a)(8)**

Bankruptcy Code section 1129(a)(8) provides that a Court may confirm a plan only if, with respect to each class of claims and interests, such class has accepted the plan or such class is not impaired under the plan. See Idaho Dep't of Lands v. Arnold (*In re* Arnold), 806 F.2d 937, 940 (9th Cir. 1986). Section 1126(a) states "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan." Bankruptcy Code section 1126(c) provides that:

> [a] class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors . . . that have accepted or rejected such plan.

Pursuant to the Court's instruction at the recent status hearing, the Debtor will prepare and file its ballot summary and further confirmation memorandum to demonstrate compliance with the requirement of section 1129(a)(8) of the Bankruptcy Code.

**I.     Administrative Expenses and Priority Claimants Are Treated Appropriately Under the Plan - Bankruptcy Code § 1129(a)(9)**

9

Pursuant to Article 3 Allowed Administrative Claims will be paid in full, without interest, on the Effective Date.   Payment of Professional Fee Claims shall be subject to the approval of the Court, and paid upon entry of a final order approving fees.

Pursuant to Article 3 of the Plan, there are no priority tax claims.

Accordingly, the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

**J.    The Plan Has Been Accepted by at Least One Impaired Class - Bankruptcy Code § 1129(a)(10)**

Bankruptcy Code section 1129(a)(10) provides that a Court may confirm a plan only if "at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." See Arnold, 806 F.2d at 940 n.2 (at least one class of impaired claimants must accept plan).

Pursuant to the Court's instruction at the status hearing, the Debtor will prepare and file its ballot summary and further confirmation memorandum to demonstrate compliance with the provisions of section 1129(a)(10) of the Bankruptcy Code.

**K.    The Plan Is Feasible - Bankruptcy Code § 1129(a)(11)**

Bankruptcy Code section 1129(a)(11) provides that a Court may confirm a plan only if:

> [c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

There are at least two important aspects of a feasibility analysis. Adopting the particulars of this case, the first aspect considers whether the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the claims and expenses which are entitled to be paid on such date. Based on the projections attached to the Plan, the Debtor maintains that this aspect of feasibility is fully satisfied.

The second aspect of feasibility requires a determination that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor. The Debtor submits that this aspect of feasibility is satisfied, as the Plan is a liquidating plan.

For all the foregoing reasons, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

**L.      All Bankruptcy Fees Will Have Been Paid by Confirmation - Bankruptcy Code § 1129(a)(12)**

Section 1129(a)(12) provides that a Court may confirm a plan only if "[a]ll fees payable under section 1930 of title 28, as determined by the court at the Confirmation Hearing, have been paid or the plan provides for the payment of all such fees on the effective date of the plan." The Debtor respectfully submits that, to the extent this section applies, all required fees have been paid or will have been paid by the Effective Date.

**M.      The Debtor Has No Retirement Benefits - Bankruptcy Code § 1129(a)(13)**

Section 1129(a)(13) of the Bankruptcy Code provides that a Court may confirm a plan only if "[t]he plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits." 11 U.S.C. § 1129(a)(13). This requirement is satisfied.

**N.      The Requirements of Bankruptcy Code § 1191(b)**

Bankruptcy Code section 1191(b) provides:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1191(b).

The Debtor submits that the Plan is fair and equitable with respect to each class of claim. Pursuant to the Court's instruction at the status hearing, the Debtor will prepare and file a ballot summary and further confirmation memorandum.

**O.      The Principal Purpose of the Plan is Not Avoidance of Tax or Securities Act Obligations—Bankruptcy Code § 1129(d).**

11

Section 1129(d) provides that:

> [O]n request of a party in interest that is a governmental unit, the court may not confirm a plan if the principal purpose of the plan is the avoidance of taxes or the avoidance of section 5 of the Securities Act of 1933 . . .

No governmental party in interest has requested the denial of confirmation on any of the foregoing grounds, and they are not applicable here. As shown above in the "good faith" analysis, the principal purpose of this Plan is to pay creditor claims -- the paramount chapter 11 goal. Consequently, this requirement has been satisfied.

### III. CONCLUSION.

Based on the foregoing, the Plan meets each and every requirement for confirmation pursuant to 11 U.S.C. §§1129, 1181 and 1191. Accordingly, the Debtor requests that the Court enter an order confirming the Plan and granting such other and further relief as is just and proper under the circumstances.

Dated: February 1, 2023

LESLIE COHEN LAW PC

By    */s/ Leslie A. Cohen*
      Leslie A. Cohen
      Attorneys for Debtor and Debtor in Possession

12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___2/1/23___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Russell Clementson    russell.clementson@usdoj.gov
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;jessica@lesliecohenlaw.com
Andrew W. Levin (TR)    andy@fairpointllc.com, C198@ecfcbis.com
Michael B Lubic    michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/1/23__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached pages

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/1/23 | Jessica Spagnoli | /s/ Jessica Spagnoli |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

Grand Hyatt at Baha Mar
One Baha Mar Boulevard
PO Box SP-64324
Nassau, The Bahamas

Debmar-Mercury
2700 Colorado Avenue
4th Floor
Santa Monica, CA, 90404

NATPE
3940 Laurel Canyon Blvd. Ste 324
Studio City, CA 91604

NBCUniversal Telemundo
1 Telemundo Way
Miami, FL, 33182

ViacomCBS Networks
2450 Colorado Avenue
Suite 500E
Santa Monica, CA, 90404

Andrew W. Levin (TR)
3946 Stone Canyon Avenue
Sherman Oaks, CA 91403-4538

INTERCONTINENTAL BUDAPEST
Apáczai Csere János
utca 12-14
Budapest, Hungary, 1052

NBC Universal Local
15000 SW 27th Street
2nd Fl.
Miami, FL, 33133

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

~~PLUTO TV~~
~~750 North San Vicente~~
~~Suite 800~~
~~West Hollywood, CA, 90069~~

Lionsgate TV
2700 Colorado Avenue
Santa Monica, CA, 90404

Endemol Shine North America
5161 Lankershim
Suite 400
North Hollywood, CA, 91601

MGM Television
245 North Beverly Drive
Beverly Hills, 90210

Inter Medya Hiz. Tic. A.S.
Kore Sehitleri Cad.
Kore Sehitleri Cd. 16/1
Istanbul, Turkey, AK, 34394

NBC Universal
30 Rockefeller Plaza
15th Floor East
New York, NY, 10112

The CW Television Network
3300 West Olive Ave.
Bldg. 168
Burbank, CA, 91505

ModcoMedia
102 Madison Avenue
10th Fl.
New York, NY, 90004

Redbox
One Tower Place
Suite 900
Oakbrook Terrace, IL, 60181

Sony Pictures
10202 W. Washington Blvd.
Culver City, CA, 90232

Schramm Marketing Group
222 Ocean Avenue
Northport, NY, 11768

Disney Media Distribution - Latin
Two Alhambra Plaza
9th Floor
Coral Gables, FL, 33134

Globo Comunicação e Participações
303 Jardim Botânico
CEP 22460-010
Rio de Janeiro, Brazil, CNPJ
27.865.757/0001