Leslie A. Cohen, Esq. (SBN 93698)
  leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
  jaime@lesliecohenlaw.com
Leslie Cohen Law, P.C.
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone: 310.394-5900
Facsimile: 310.394-9280

Attorneys for Debtor in Possession

**FILED & ENTERED**

**SEP 17 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Cetulio    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

*In re*

National Association of Television Program Executives, Inc.,

　　　　　Debtor and
　　　　　Debtor in Possession

Case No. 1:22-bk-11181-MB

Chapter 11

**ORDER CONFIRMING SECOND AMENDED SUBCHAPTER V CHAPTER 11 PLAN, WITH MODIFICATIONS [CASE DKT. 251]**

Date: August 23, 2024
Time: 2:30 p.m.
Via ZoomGov

1

A hearing was held at the above time and place on confirmation of the "Second Amended Plan of Liquidation" (the "**Plan**," Docket No. 251) filed by National Association of Television Program Executives, Inc. (the "**Debtor**"). Appearances were noted on the record. The court has reviewed and considered the Plan, the record in this case, and the statements of counsel on the record at the hearing. For the reasons stated on the record,

IT IS HEREBY ORDERED THAT:

**A.     Plan Modifications**

The Plan is deemed modified as follows:

Plan p. 1

> The following portion of Section A.1. is stricken:
> *This would result in a subordination of distributions to FB of all of its allowed claim in excess of $2,553,981.97. From the standpoint of other general unsecured creditors, this is an effective reduction in FB's claim of approximately 45%.*

Plan p. 2

> The following sentence from Section C. is revised from :
> *The Plan Fiduciary's fees and expenses will be paid only from funds he collects through the prosecution of estate claims against third-parties to be filed postconfirmation.*
>
> To:
> *The Plan Fiduciary's fees and expenses will be paid only from funds he collects through the prosecution of estate claims against third-parties to be filed postconfirmation, other than reasonable postage expenses which may be paid from current estate funds.*

Plan p. 3.

> The following portion of Article 2, 2.03, Class 3 is stricken:
> *Class 3 creditors will receive their pro rata share of the funds remaining in the estate after payment of administrative, sub V trustee and priority unsecured claims, estimated to be $19,874.27, resulting in payment of 0.51% of their claims.*

Plan p. 5.

> <span style="color:red">The following is added as the first sentence regarding the treatment of Class 3 in Article 4, 4.01:</span>
>
> <span style="color:red">*Treatment of Class3 is* subject to the settlement terms described in Section A.1 above.</span>

The following portion of Article 4, 4.01,Class 3 is stricken:
*estimated to be $19,874.27, resulting in payment of 0.51% of their claims.*

And the following language added in its place:
*and the reasonable postage expenses of the Plan Fiduciary.*

Plan p. 6.

The following portion of Article 7 is stricken:
*Allowed general unsecured claims will be paid their pro-rata share of the funds remaining on hand on the Effective Date, estimated to be $19,874.27. Additionally, the Plan Fiduciary will make additional pro rata payments to allowed general unsecured creditors under the Plan as funds warranted from his recoveries for the estate.*

**B.    Plan Confirmed.**

This Court finds that the Plan, as modified in Part A above, satisfies the requirements of 11 USC § 1129(a) made applicable by virtue of §1191.  The Court finds that the amendments and modifications to the Plan do not necessitate resolicitation of ballots.  The Court notes that Fontainebleau Florida Hotel, LLC ("**Fontainebleau**") requested permission to alter its previously submitted ballot and grants permission to do so.  Fontainebleau's resubmitted ballot is filed Docket No. 252, and as a result, it is clear that that Class 3 of the Plan overwhelmingly accepts Plan as a result.  The Court further finds that notice of the Plan modification and hearings has been reasonable and adequate under the circumstances.

Accordingly, the Plan is hereby CONFIRMED under §1191(a).

**C.    Settlement Approved**

The Court finds that the settlement between the Debtor and Fontainbleau which is embodied in the Plan is reasonable and appropriate and is approved.

**D.    Agreement with Plan Fiduciary Approved**

The Court finds that the Proposal for Plan Fiduciary, attached to the Plan as Exhibit D, *as modified on the record at the hearing to provide for the payment of the Plan*

3

*Fiduciary's reasonable postage expenses from the estate funds on hand at confirmation,* is reasonable and appropriate and is approved.

### E.    Confirmed Plan Binding.

Pursuant to section 1141 of the Bankruptcy Code, upon the Effective Date, the provisions of the Plan shall bind the Debtor, any entity acquiring property under the Plan, and any Creditor or Interest holder or party in interest, whether or not such Creditor or Interest holder has filed a proof of Claim or Interest in this Chapter 11 Case, whether or not the Claim of such Creditor or the Interest of such Interest holder is impaired under the Plan, whether or not such Creditor or Interest holder has accepted or rejected the Plan and whether or not notice was received.  Upon the Effective Date, all Claims against and debts of the Debtor shall be deemed fixed and adjusted pursuant to the Plan, and the Debtor shall have no further liability on account of any Claims except as set forth in the Plan and this Order.  All payments and all distributions made under the Plan, which are made pursuant to the terms of the Plan, shall be in full and final satisfaction, settlement and release of all Claims.

### F.    Effective Date; Waiver of 14-day Stay

Notwithstanding anything to the contrary in the Plan, the Effective Date shall be the first business day after entry of this Order.  The 14-day stay provided by the Federal Rules of Bankruptcy Procedure is hereby waived.

### G.    Means of Implementation Approved.

The Plan Fiduciary, as Disbursing Agent, is authorized and directed to take all actions necessary or appropriate, including payment to creditors, the execution, delivery, filing and recordation of any document, to implement, effectuate and consummate the Plan in accordance with its terms, and to carry out the transactions contemplated by the Plan.

**H.      Management of the Debtor; Disbursing Agent**

Plan Fiduciary is appointed the Disbursing Agent under the Plan upon entry of this Order. Following entry of this Order, the reorganized debtor may act only through the Plan Fiduciary and shall not have any officers or directors.

**I.      Notice of Entry of Confirmation Order.**

Within 72 hours following entry of this Order, the Plan Fiduciary shall mail notice of the entry of this Order to all parties entitled to notice pursuant to Bankruptcy Rules 2002(f) and 3020(c).

**J.      Retention of Jurisdiction.**

After confirmation of the Plan and occurrence of the Effective Date, in addition to jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction as is legally permissible including for the following purposes:

   a. To resolve any and all disputes regarding the operation and interpretation of the Plan and the Confirmation Order;

   b. To determine the allowability, classification, or priority of claims and interests upon objection by the Debtor, Plan Fiduciary, or by other parties in interest with standing to bring such objection or proceeding;

   c. To determine (to the extent necessary) the extent, validity and priority of any lien asserted against property of the Debtors or property of the Debtors' estate.

   d. To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Confirmation Order, and all matters referred to in the Plan, the Confirmation Order, and to determine all matters that may be pending before the Court in this case on or before the Effective Date with respect to any person or entity related thereto, including without limitation motions to dismiss or convert;

e. To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

f. To determine any request for payment of administrative expenses, if not previously resolved;

g. To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case whether before, on, or after the Effective Date;

h. To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

i. To modify the Plan under Section 1193 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

j. Except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Confirmation Order;

k. To issue such orders in aid of consummation of the Plan or the Confirmation Order, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

l. To enter a final decree and order closing this Case.

**K.    Retention and Enforcement of Claims; Rights**

Pursuant to Bankruptcy Code § 1123(b)(3), the Plan Fiduciary will succeed to any and all claims, defenses, powers and interests held by the Debtor (to the extent not transferred, waived, released, settled, or compromised on or before the Effective Date), and the Plan expressly reserves all such claims, defenses, powers and interests to the

Plan Fiduciary, including, without limitation, rights to object to the allowance of claims, request the subordination of claims, avoid transfers of property or interests in property of the Debtor, and seek recovery of property, damages, or equitable relief.

**L.    Discharge**

On the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

**M.    Post-Confirmation Status Report**

The Court shall conduct a post-confirmation status conference on <u>December 10, 2024 at 1:30 p.m.</u>   Two weeks prior to the Status Conference, the Plan Fiduciary shall file a post-confirmation status report with supporting declaration explaining what progress has been made toward consummation of the Plan. The initial post-confirmation status report shall be served on the United States trustee, the Subchapter V Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further post-confirmation status reports shall be filed 14 days prior to any subsequent post-confirmation status conference, unless otherwise ordered by the Court.

The post-confirmation status report shall include at least the following information:

(1) A schedule listing for each debt and each class of claims: the total amount required to be paid under the Plan; the amount required to be paid as of the date of the post-confirmation status report; the amount actually paid as of the date of the post-confirmation status report; and the deficiency, if any, in required payments;

(2) An estimate of the date for Plan consummation and application for final decree; and

7

(3) Any other pertinent information needed to explain the progress toward consummation of the confirmed Plan.

In addition to the foregoing, the Plan Ficuciary shall file and serve post-confirmation quarterly reports in accordance with LBR 3020-1(b) and (c).

Q. **Substantial Consummation Report**. Not later than 14 days after the Effective Date, the Plan Fiduciary must file a report stating whether the plan has been substantially consummated and, if not, providing a projected date when substantial consummation is expected to occur and the steps necessary for substantial consummation to occur.

R. **Extensions of Projected Date of Substantial Consummation**. If the projected date for substantial consummation must be extended, the Plan Fiduciary must file a supplemental report specifying the new projected date, the progress made toward consummation of the plan, the steps necessary for substantial consummation to occur, and the reasons for the delay. The supplemental report must be filed and served as soon as possible, but at least not later than 14 days after the previously projected date of substantial consummation.

S. **Notice of Substantial Consummation.** Not later than 14 days after the Plan has been substantially consummated, the Plan Fiduciary must file a notice of substantial consummation and serve this notice on the subchapter V trustee, the United States trustee, and the 20 largest unsecured creditors.

T. **Termination of the Subchapter V Trustee's Services.** Upon substantial consummation of a consensual plan, the subchapter V trustee's services will terminate automatically pursuant to 11 U.S.C. § 1183(c)(1).

U. **Subchapter V Final Report and Account**. Within 60 days after the final distribution to creditors under a consensual plan, the Plan Fiduciary must file with the

Court, and serve upon all parties upon whom the plan was served, a subchapter V final report and account of administration of the estate (UST Form 101-11(V)-FR) ("Subchapter V Final Report and Account"), whereupon the Plan Fiduciary must seek entry of a final decree closing the case. After the Plan Fiduciary has filed its Subchapter V Final Report and Account, the Plan Fiduciary must file a motion for final decree pursuant to LBR 3022-1(a) supported by a declaration under penalty of perjury showing that: (A) the services of the subchapter V trustee have terminated, (B) the estate has been fully administered, (C) all adversary proceedings, contested matters and other disputes, including appeals, have been resolved by a final, non-appealable order or dismissed, and (D) there are no remaining matters for which the Court must continue to exercise jurisdiction. The Plan Fiduciary must also lodge a proposed final decree. Nothing herein is intended to prevent the Plan Fiduciary from seeking an earlier or interim closure of the case.

### V.     Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the Case under § 1112(b) after the Plan is confirmed if there is an uncured default in performing the Plan.  If the Court orders the Case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan will revest in the Chapter 7 estate.  The automatic stay will be reimposed upon the revested property, but only to the extent that the Court did not previously authorize relief from stay during the Case.  The order confirming the Plan may also be revoked under very limited circumstances.  The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of this order.

### W.     Exculpations and Releases

To the maximum extent permitted by law, neither the Debtor, the Plan Fiduciary, nor any of their employees, agents, representatives, or retained professionals, whether or

not by Bankruptcy Court Order (each, an "**Indemnified Person**"), shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation of the Plan, or a contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein.  Each Indemnified Person shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan.

## X.   Injunctions.

Entry of this Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan.

Except as provided in the Plan or this Order, as of the Effective Date, all entities that have held, currently hold or may hold a claim or other debt or liability, or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan, are permanently enjoined from taking any of the following actions against the Debtor, the Estate, the Plan Fiduciary, or their property on account of any such claims, debts or liabilities or terminated interests or rights:  (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan, including adversary proceedings in this bankruptcy case.

By accepting distributions under the Plan, and except as otherwise provided in the Plan and this Order, each holder of an allowed claim or allowed interest receiving

distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Section.

**Y.     Construction of Order.**

Any undefined capitalized terms in this Order shall have the same definition as set forth in the Plan. The failure to reference a particular provision of the Plan in this Order shall not affect the validity or enforceability of such provision.  Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order.

### #

Date: September 17, 2024

Martin R Barash
United States Bankruptcy Judge