Arnold P. Peter (SBN: 120091)
        apeter@peterlawgroup.com
Eyal Farahan (SBN: 314849)
        efarahan@peterlawgroup.com
270 Coral Circle
El Segundo, California 90245
T: (310) 277-0010
F: (310) 432-0599

*ARNOLD P. PETER, IN PRO PER*

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br>NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC., Debtor.<br><br>. | Case No.: 1:22-bk-11181-MB<br>Chapter: 11 (Subchapter V)<br><br>**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING *NUNC PRO TUNC* RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**<br><br>Hearing Requested |

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   STANDING OF ARNOLD P. PETER TO OBJECT ............................................3

III.  ARGUMENT .......................................................................................................3

    A.   The Application Should Be Denied As An Impermissible *Nunc Pro Tunc* Retention ...............................................................................................3

    B.   The Claim of "Significant Resistance" Is Unsupported And False ...........4

    C.   Elluma Is A "Professional Person" Whose Pre-Approval Was Required Under § 327 ..............................................................................................5

    D.   All Fees And Expenses Should Be Subject To Full Court Review And Should Not Be Approved On A Streamlined Basis....................................6

IV.   CONCLUSION....................................................................................................7

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC
RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC
RECOVERY AND E-DISCOVERY CONSULTANTS**

# TABLE OF CONTENTS

## Cases

*In re Atkins*,
 69 F.3d 970 (9th Cir. 1995) ......................................................................3

*In re Johns-Manville Corp.*,
 60 B.R. 612 (Bankr. S.D.N.Y. 1986) .......................................................5

*In re Mehdipour*,
 202 B.R. 474 (B.A.P. 9th Cir. 1996) .........................................................3

*In re That's Entertainment Mktg. Grp., Inc.*,
 168 B.R. 226 (N.D. Cal. 1994) ................................................................5

*In re THC Fin. Corp.*,
 837 F.2d 389 (9th Cir. 1988) ...................................................................2

## Statutes

11 U.S.C. § 327 ............................................................................................4
11 U.S.C. § 1109(b) ....................................................................................2
11 U.S.C. § 327(a), 328 ...........................................................................2, 4

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

ii

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC
RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC
RECOVERY AND E-DISCOVERY CONSULTANTS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

TO THE HONORABLE MARTIN A. BARASH, UNITED STATES BANKRUPTCY JUDGE; COUNSEL; AND ALL INTERESTED PARTIES:

Arnold P. Peter, individually ("Mr. Peter"), hereby opposes the Application for Entry of an Order Authorizing Retention and Payment of Elluma Discovery, Inc. ("Elluma") as Forensic Recovery and E-Discovery Consultants (the "Application") filed by Jeremy W. Faith, Chapter 11 Plan Fiduciary (the "Plan Fiduciary"). In support thereof, Mr. Peter states as follows:

## I.   INTRODUCTION

The Application seeks "nunc pro tunc" authorization for the retention of Elluma effective October 3, 2025 — a date more than seven months before the Application was filed on May 29, 2026. Courts within the Ninth Circuit disfavor *nunc pro tunc* retention and require a showing of extraordinary circumstances to justify after-the-fact approval of professional employment. The Plan Fiduciary has made no such showing here.

Moreover, the Application rests on a foundational mischaracterization: it portrays the need for Elluma's services as arising from "significant resistance" by other parties in connection with the production of electronically stored information ("ESI"). That characterization is false. The record does not support it.

To the extent any difficulty arose in the ESI collection and production process, it was attributable to the Plan Fiduciary's own lack of preparation, insufficient understanding of ESI protocols and processes, and failure to engage cooperatively and in good faith with the parties from whom production was sought. The Court should not allow a self-serving and unsupported narrative to serve as the predicate for approving unauthorized professional expenditures incurred without prior court approval.

Indeed, this issue has become a central focus in this adversary proceeding. The filings to date demonstrate that both the original and amended complaints were filed

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

without adequate discovery — a deficiency that the Plan Fiduciary candidly is forced to concede. That concession is significant, and it cuts directly against the Application.

By acknowledging that the complaints were filed without adequate discovery, the Plan Fiduciary necessarily concedes that Elluma was retained to perform the very investigative, forensic, and discovery functions that the Plan Fiduciary himself failed to undertake before initiating litigation[1].  In other words, the concession establishes that Elluma did not perform incidental vendor services, but instead assumed a role central to the administration of the estate - developing the factual record, allegedly recovering and analyzing books and records, and supplying the evidentiary foundation on which the estate's claims depend (caused by the Plan Fiduciary's own lack of diligence)[2]. That central role is precisely what renders Elluma a "professional person" whose retention required prior court approval under 327.

The concession thus underscores that the asserted need for Elluma's services arose not from any "resistance" by other parties, but from the Plan Fiduciary's own failure to develop the factual record before initiating litigation. The Court should not allow a self-serving and unsupported narrative to serve as the predicate for approving unauthorized professional expenditures incurred without prior court approval.

---

[1] See Declaration of Meghann Triplett, Esq., ¶ 11 (attached as Exhibit to PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER GRANTING LEAVE TO AMEND THE COMPLAINT (Dkt. 53) ("To date, the status conference has not taken place and no dates for discovery or trial have been set in this adversary proceeding.").

[2] This defendant does not concede that Elluma's services were essential or necessary to the administration of the estate had the Plan Fiduciary exercised adequate diligence. To the contrary, any asserted need for those services arose entirely from the Plan Fiduciary's own lack of diligence in conducting adequate discovery, which the Plan Fiduciary had full and adequate opportunity to undertake even before the filing of the original complaint. This defendant's argument that Elluma is a "professional person" is made in the alternative and solely to demonstrate that, even on the Plan Fiduciary's own characterization of Elluma's role, prior court approval was required under 11 U.S.C. § 327.

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

2

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

## II.    STANDING OF ARNOLD P. PETER TO OBJECT

Mr. Peter served as outside General Counsel to the debtor prior to and during these proceedings and was directly and substantially involved in the negotiation of the confirmed Chapter 11 Plan. At the hearing on confirmation of the Chapter 11 Plan, Mr. Peter appeared and, at his request, the Court approved and directed that Mr. Peter be copied on all filings made in this matter going forward.

That order was entered to ensure that Mr. Peter would have notice of, and an opportunity to respond to, any proceedings bearing on the implementation and administration of the confirmed plan and the actions of the Plan Fiduciary. Pursuant to that order, Mr. Peter received notice of the Application and timely files this Opposition. Accordingly, Mr. Peter has standing under 11 U.S.C. § 1109(b) to appear and be heard on any issue in this case, including the Application. See 11 U.S.C.A. § 1109(b).

## III.    ARGUMENT

### A. The Application Should Be Denied As An Impermissible *Nunc Pro Tunc* Retention

On September 9, 2025, the Plan Fiduciary entered into a verbal engagement with Elluma and then signed a written agreement executed on October 3, 2025.  Application, p. 3 and Exhibit 1 thereto.  Elluma has already been paid or is owed $15,750 across four invoices spanning October 2025 through April 2026, plus a $4,000 evergreen retainer — all without prior court authorization. Id. at pp. 4-5.  The Application was not filed until May 29, 2026, nearly eight months after the engagement commenced.

The Ninth Circuit permits nunc pro tunc approval of professional employment and compensation only in ***exceptional circumstances***, applying a two-part test that requires both a satisfactory explanation for the failure to obtain prior court approval and a showing that the services provided a significant benefit to the estate. See *In re THC Fin. Corp.*, 837 F.2d 389, 392 (9th Cir. 1988) (holding retroactive approval is

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

appropriate only under "exceptional circumstances," requiring satisfactory explanation and benefit to the estate); *In re Atkins*, 69 F.3d 970, 973–74 (9th Cir. 1995) (reaffirming THC Financial's two-part standard and requiring strict scrutiny of retroactive approval requests).

The Bankruptcy Appellate Panel has applied this rule and upheld fee awards where exceptional circumstances were established, and the Ninth Circuit affirmed. See *In re Mehdipour*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996), *aff'd,* 139 F.3d 1303 (9th Cir. 1998) (affirming award of fees where counsel demonstrated exceptional circumstances and substantial benefit to the estate). Critically, benefit to the estate or the mere rendering of services, standing alone, is insufficient to satisfy this standard. *In re Atkins*, 69 F.3d at 973–74.  The Plan Fiduciary offers no explanation for the extended delay - nearly eight months - in seeking court approval, nor does the Application identify any extraordinary circumstances that prevented timely filing.  The failure to seek prior court authorization is not a procedural technicality — it is a substantive requirement designed to protect creditors and preserve court oversight over estate expenditures. The Plan Fiduciary's retroactive approach circumvented that oversight entirely for the most significant portion of the fees incurred.

**B. The Claim of "Significant Resistance" Is Unsupported And False**

The Application asserts that "[p]ost-confirmation, the Plan Fiduciary encountered significant resistance in obtaining complete books and records." Application, p. 3. This characterization is inaccurate, unsupported, and prejudicial. The Application offers no evidentiary basis — no declaration from the Plan Fiduciary, no account of specific refusals, no description of court orders violated — for the claim that any party obstructed the production of ESI.

To the contrary, to the extent the Plan Fiduciary encountered difficulties in the ESI collection and production process, those difficulties arose from the Plan Fiduciary's own

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

deficiencies, including: (1) a lack of basic understanding of ESI collection protocols and industry-standard processes; (2) failure to engage cooperatively and in good faith with producing parties; and (3) inadequate preparation and coordination prior to demanding production. The responsibility for any delays or complications in the ESI process rests with the Plan Fiduciary, not the parties from whom production was sought.  The Court should not permit unsubstantiated assertions of "resistance" to substitute for actual evidence, particularly where those assertions are deployed to justify hundreds of thousands of dollars in unauthorized professional expenditures.

**C. Elluma Is A "Professional Person" Whose Pre-Approval Was Required Under § 327**

While the Plan Fiduciary characterizes the Application as filed "out of an abundance of caution" on the theory that Elluma may not be a "professional person" under 11 U.S.C. § 327, that position is inconsistent with simultaneously seeking § 328(a) approval of compensation terms and "nunc pro tunc" authorization. The Plan Fiduciary cannot have it both ways. If court approval is required — which the filing of this Application concedes may be the case — it should have been sought at the outset, not after the services were substantially completed and the fees substantially incurred. Nor, should the Plan Fiduciary's be excused from his failure to provide any analysis on this topic.  In any event, it is evident that Elluma fits the definition of a "professional person."

Section 327(a) requires court approval before a trustee or fiduciary may employ a "professional person."  Although the Bankruptcy Code does not define the term, the prevailing test focuses on whether the entity plays a "central role" in the administration of the bankruptcy estate rather than performing tasks merely in connection with the debtor's ongoing business.  Courts weigh several factors, including: (a) whether the person controls, manages, or invests estate assets; (b) whether the person participates

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

in negotiating a plan of reorganization; (c) whether the work is of the type performed by attorneys, accountants, and similar specialists; (d) the degree of autonomy and discretion the person exercises in the proceeding; and (e) the degree to which the person is qualified or trained in a specialized profession. *See In re That's Entertainment Mktg. Grp., Inc., 168 B.R. 226, 230–31* (N.D. Cal. 1994) (applies the central-role test and the factor analysis within the Ninth Circuit.).

Each factor confirms Elluma's status as a professional person. Elluma was retained to perform forensic recovery and the collection and production of electronically stored information — work that goes to the heart of the Plan Fiduciary's post-confirmation duty to investigate, recover, and administer the estate's books, records, and assets. This is not ministerial vendor work incidental to ongoing business operations; it is specialized work performed for the estate in furtherance of the Fiduciary's statutory functions. Forensic e-discovery consultants are precisely the type of specialized experts — akin to accountants, appraisers, and other retained professionals — whose services require professional judgment, training, and the independent exercise of discretion. *See In re Johns-Manville Corp.,* 60 B.R. 612, 619–21 (Bankr. S.D.N.Y. 1986). Indeed, the Application's own premise — that Elluma was needed to overcome purported "resistance" in obtaining books and records — concedes that Elluma exercised independent judgment and played a meaningful, discretionary role in the estate's affairs.

**D. All Fees And Expenses Should Be Subject To Full Court Review And Should Not Be Approved On A Streamlined Basis.**

Given the procedural deficiencies identified above, any fees approved by the Court should be subject to a full and particularized review of reasonableness under applicable standards. The Plan Fiduciary's request for a streamlined, ongoing payment

6

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

authorization without further court order is premature and inappropriate in light of the circumstances surrounding this engagement.

## IV. CONCLUSION

For the foregoing reasons, Mr. Peter respectfully requests that the Court: (1) deny the Application in its entirety or, in the alternative, (2) require a full evidentiary hearing on the reasonableness of the fees sought and the circumstances surrounding the unauthorized commencement of Elluma's engagement; (3) require the Plan Fiduciary to substantiate, with competent evidence, any claim of resistance or obstruction by any party in interest; and (4) decline to approve any ongoing fee authorization on a streamlined basis pending such review.

DATED: June 4, 2026

ARNOLD P. PETER

By: /s/ Arnold P. Peter
Arnold P. Peter
Eyal Farahan
*ARNOLD P. PETER, IN PRO PER*

PETER LAW GROUP
270 CORAL CIRCLE
EL SEGUNDO, CALIFORNIA 90245

7

**OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND E-DISCOVERY CONSULTANTS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
270 Coral Circle
El Segundo, CA 90245

A true and correct copy of the foregoing document entitled (*specify*):
OPPOSITION OF ARNOLD P. PETER TO CHAPTER 11 PLAN FIDUCIARY'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND PAYMENT OF ELLUMA DISCOVERY, INC. AS FORENSIC RECOVERY AND EDISCOVERY CONSULTANTS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _June 4, 2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[X] Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 4/13/2026_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed

[X] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/04/26 | Andrea Ramirez | *Andrea Ramirez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

**COUNSEL FOR PLAINTIFF JEREMY W. FAITH:**

Samuel Mushegh Boyamian
samuel@marguliesfaithlaw.com
Angela@MarguliesFaithLaw.com
Vicky@MarguliesFaithLaw.com
Amber@MarguliesFaithLaw.com

**INTERESTED PARTY:**

John-Patrick McGinnis Fritz (TR)
jpftrustee@lnbyg.com
jpf@trustesolutions.net

**COUNSEL FOR JEAN PIERRE BOMMEL:**

Melissa Davis Lowe
mlowe@shulmanbastian.com
avernon@shulmanbastian.com
rodea@shulmanbastian.com

**INTERESTED PARTY:**

Jonathan Serrano
Jonathan@MarguliesFaithLaw.com
vicky@marguliesfaithlaw.com
angela@marguliesfaithlaw.com

**INTERESTED PARTY:**
United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**